GASKINS, J.
_JjThe father, Dennis Wade Coie, appeals from trial court judgments granting ex parte motions by the mother, Tanya Darlene George Coie, to maintain the status quo of a protective order against the father and to enforce an order directing that the father have only supervised visitation with the parties’ two minor children. We reverse in part and affirm in part.
*1277 FACTS
The parties were married in February 1990. They had two children: a son who was born in 1995 and a daughter who was born in 1998.
On January 12, 2006, the mother filed a petition for protection from abuse in the Fourth Judicial District Court (JDC) in Ouachita Parish. The matter was designated # 06-0176 and assigned to Civil Section 1; Judge Jimmy Dimos was the judge presiding over that section. The mother alleged that the father physically abused her and the children. She also requested child support and spousal support. A temporary restraining order (TRO) was issued on January 12, 2006, prohibiting the father from abusing or contacting the mother and children. It also granted the mother temporary custody of the children. The father was ordered to show cause on January 19, 2006, why the TRO and other relief should not be made protective orders. The TRO was set to expire on January 20, 2006.
On January 19, 2006, a protective order was issued by Judge Dimos; the terms of the order were to be effective until July 20, 2006. The father was directed not to contact the mother except through counsel or his mother. Temporary custody of the children to the mother was continued. The father was granted specific visitation with the children to be supervised by the 12paternal grandmother, who was ordered to be present at all times and not to leave the children alone with the father. The father was prohibited from physically punishing either child. It was noted in the order that contact with Child Protection Services (CPS) established that it had validated physical abuse by the father in October 2005; however, no action was taken because the mother took the children and moved out.
On March 3, 2006, the father filed a petition for a divorce under La. C.C. art. 102 in the Fourth JDC. This suit was designated as #06-0957 and assigned to Judge Dimos in Civil Section 1. The father requested joint custody with him being named the primary custodial parent and the mother having supervised visitation. He alleged that the mother had alcohol and prescription drug abuse problems. He asserted that the 10-year-old son was old enough to express a preference and that the boy wished to live with him. Pursuant to Fourth JDC rules, the parties were ordered to attend a hearing officer conference (HOC) on April 20, 2006; it was later reset to June 22, 2006. A custody rule was set for May 18, 2006, but was later continued without date.
On April 12, 2006, the mother filed an ex parte motion in # 06-0957 to vacate supervised visitation as a result of allegations of abuse against the father and the paternal grandmother during March 2006 visitations.[1] Judge Dimos signed an ex parte order vacating the supervised visitation. A rule to show cause was initially set for April 19, 2006; it was later continued without date.
|aA HOC hearing was held on June 22, 2006, with the parties’ counsel. Because a report by Dr. E.H. Baker on his custody evaluation was not yet ready, the parties agreed that, while a HOC report would issue, the HOC and trial should be continued pending receipt of that information. On June 30, 2006, Judge Dimos signed an order resetting the HOC to August 17, 2006, and the rule to August 31, 2006.
The HOC report rendered on June 22, 2006, recounted that, as to the allegations of abuse against the paternal grandmother *1278 supervising the father’s visitation, Judge Dimos had reviewed the CPS records and found no relevant information. The hearing officer had also reviewed the records and found no relevant evidence other than that an investigation was conducted and the complaint against the grandmother was found to be groundless. In her report, the hearing officer recommended that joint custody be continued with the mother being domiciliary parent and that visitation with the father supervised by the paternal grandmother be reinstated. The weekend visitation was expanded to include overnight visitation on the weekend instead of blocks of time on Saturday and Sunday. As a condition of the father’s visitation, the paternal grandmother was ordered to not leave the children alone with him at any time. As an addendum, the hearing officer directed that neither the father nor the paternal grandmother physically punish or discipline either child. Judge Dimos accepted the hearing officer’s recommendations, and in an interim order signed July 11, 2006, ruled that the recommendations be made the order of the court.
l4On July 20, 2006, the protective order was modified to provide that all conditions of the existing order of January 19, 2006, were to remain in effect until the HOC hearing on August 17, 2006. The order was filed into the record of # 06-0176 on July 20, 2006, and it had an expiration date of August 18, 2006.
After a status conference with counsel on August 7, 2006, the hearing officer— after reviewing Dr. Baker’s report and a report from the Wellspring therapist— concluded that the matter could not be resolved without trial and the taking of evidence. As a result, the HOC on August 17, 2006, was dispensed with and the matter was set for trial before Judge Dimos on August 31, 2006. In a document captioned “Second Hearing Officer Conference Report” and rendered on August 7, 2006, the hearing officer directed that “[a]ll provisions of the HOC’s currently in force shall remain in force until Judge Dimos make[s] his ruling herein.” Judge Dimos signed an order on August 8, 2006, making the recommendations in the second HOC report the interim order of the court “pending the final disposition of issues by the Court.”
Additionally, another modified order of protection was filed into the record of # 06-0176 on August 9, 2006. It provided, in two places, that all existing conditions of the January 19, 2006 protective order were to remain in effect until the HOC hearing on August 31, 2006. However, on the last page, it stated that the date of the order was July 20, 2006, and the expiration date of the order was August 18, 2006.
| ^According to the minutes in # 06-0957, on August 31, 2006, counsel agreed after a pre-trial conference to continue the matter to December 26, 2006.
On November 3, 2006, the mother filed a motion to maintain the status quo of the protective order filed on August 9, 2006, due to the continuation of the case .until December 26, 2006. On November 3, 2006, Judge Dimos signed an order directing that the status quo of the protective order be maintained and remain in effect until December 26, 2006. The mother also moved to enforce supervised visitation based upon reports by the children that they were left alone with their father. Judge Dimos signed an order on November 3, 2006, directing the father to comply with the July 11, 2006 interim order or face contempt charges.
On November 15, 2006, the father was granted a judgment of divorce.
On December 11, 2006, in # 06-0957, the father filed a motion to consolidate # 06- *1279 0176 and # 06-0957, as well as to secure documents for trial and obtain a continu-anee. The order for consolidation was signed on December 12, 2006.[2] Following a hearing on December 20, 2006, the trial set for December 26, 2006, was continued until April 16, 2007. The case was set before Judge C. Wendell Manning, who rotated into Civil Section 1 after Judge Dimos’ retirement at the end of 2006.
|fiThe father appeals from the ex parte orders signed on November 3, 2006, to maintain the status quo of the protective order and to enforce supervised visitation.
DISCUSSION
According to the father, the protective order issued on January 19, 2006, was modified on April 12, 2006, and July 11, 2006. It was continued until August 18, 2006, by a modified order of protection dated July 20, 2006, and then continued again by an interim order on August 8, 2006. In preparation for an anticipated trial on August 31, 2006, the protective order was continued until the trial and Judge Dimos signed an interim order. However, no form LPOR 5 for a Louisiana Uniform Abuse Prevention Order was prepared or signed. The father argued that the protective order was not continued beyond August 31, 2006, and that it expired on its face on August 18, 2006. Thus, there was no protective order to maintain when the mother filed her ex parte motion to maintain the status quo of the protective order on November 3, 2006, and the court’s granting of the motion was improper. He also contended that the trial court erred in granting the ex parte motion to enforce supervised visitation, which was “bootstrapped” to the improper resurrection of the lapsed protective order.
In her brief, the mother quoted the language in the second HOC report which provided that the provisions of the HOC’s then in force would remain in force until Judge Dimos ruled, and she noted that the trial judge signed an order on August 8, 2006, making the recommendations in that Ureport the interim order of the court. The mother also argued that the protective order was extended by agreement.
The protective orders in the instant case were issued pursuant to the Domestic Abuse Assistance Act, La. R.S. 46:2131, et seq. They are subject to registration with the Louisiana Protective Order Registry. La. R.S. 46:2136.2. Any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed eighteen months, and may be extended by the court, after a contradictory hearing, in its discretion. La. R.S. 46:2136(F). A review of the protective orders in the instant case demonstrates that they expired, by their own terms, at the latest on August 31, 2006. As a result, the trial court erred in granting the mother’s November 2006 motion to maintain the status quo of the protective order filed on August 9, 2006.
However, the granting of any relief authorized under the Domestic Abuse Assistance Act shall not preclude any other relief authorized by law. La. R.S. 46:2139. While the mother sought and obtained protective orders against the father under the Domestic Abuse Assistance Act, there were other orders issued by the trial court in which the recommendations of the hearing officer were adopted as interim orders of the trial court. These provided for the father to have only supervised visitation with the children. Courts have inherent power to determine a child’s best interest *1280 and to tailor a custody order, including visitation, that minimizes the risk of harm to the child. Clark v. Clark, 550 So.2d 913 (La.App. 2d Cir.1989); Norris v. Norris, 604 So.2d 107 (La.App. 2d Cir.1992); Oglesby v. Oglesby, 25,974 8(La.App.2d Cir.8/17/94), 641 So.2d 1027; Harper v. Harper, 33,452 (La.App.2d Cir.6/21/00), 764 So.2d 1186; Hollingsworth v. Semerad, 35,264 (La.App.2d Cir.10/31/01), 799 So.2d 658; Gaskin v. Henry, 36,714 (La.App.2d Cir.10/23/02), 830 So.2d 471; Murphy v. Murphy, 2004-1053 (La.App. 3d Cir.12/8/04), 889 So.2d 417.
While the protective orders had expired by their own terms, we find that the trial court’s interim order of August 8, 2006, is still viable and serves to protect the children by imposing supervised visitation with the father. Consequently, the trial court did not err in granting the mother’s motion to enforce supervised visitation.
CONCLUSION
The trial court erred in granting the mother’s motion to maintain the status quo as to the protective order, and that judgment is reversed. However, because the trial court’s interim order was still viable, the trial court did not err in granting the mother’s motion to enforce supervised visitation; accordingly, that judgment is affirmed.
Costs of this appeal are assessed against the appellant.
REVERSED IN PART, AFFIRMED IN PART.

. The allegations of abuse were made by the children to their therapist at the Wellspring Alliance for Families, who reported it to the authorities.

. We note that, at various earlier points, the two matters were treated as though they were already consolidated — the June 22, 2006 HOC report, the August 9, 2006 minute entries in both records, and the mother's November 3, 2006 pleadings.